**210**

William TAYLOR, Petitioner,

v.

Otto C. BOLES, Warden of the West Virginia State Penitentiary, Respondent.

Civ. A. No. C-67-55-E.

United States District Court
N. D. West Virginia.

Aug. 2, 1967.

No attorney for petitioner.

C. Donald Robertson, Atty. Gen., of West Virginia, Morton I. Taber, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

In 1959 Petitioner William Taylor was sentenced by the Circuit Court of Taylor County, West Virginia, to fifteen years in the West Virginia Penitentiary, his present abode, following acceptance of a guilty plea to statutory rape and the granting of a request for mercy by the trial court.

This petition for federal habeas corpus attacks the validity of his conviction in two respects. A third claim concerns the resentence of Petitioner herein to a life term under an order of the Circuit Court of Marshall County, the location of Petitioner's place of incarceration, which granted limited state habeas corpus "relief" to Petitioner.

Disposing of the two claims attacking Petitioner's conviction, this Court has reviewed the transcripts, briefs and findings of the Circuit Court of Marshall County, and concludes that the evidence presented in this full and fair state habeas corpus proceeding, conducted on October 27, 1966, justifies the denial of these two claims by this Court. It is clear that Taylor did have counsel at all stages leading to his conviction. And it

is equally clear that Petitioner did, in fact, enter a guilty plea following the withdrawal of his earlier entered plea of not guilty.

Petitioner's remaining claim is that he received a life sentence, without justification, upon being resentenced following his "successful" Marshall County state habeas corpus action. This contention is a pure legal issue, presenting no factual controversy.

The statute in effect at the time of Taylor's conviction in 1959 (West Virginia Code, Chapter 61, Article 2, Section 15), provided in part that one convicted of forcible or statutory rape

* * * shall be punished with death or with confinement in the penitentiary for life, in the discretion of the court, *or, if the jury add to its verdict a recommendation of mercy*, with confinement in the penitentiary for not less than five nor more than twenty years: * * * (Emphasis added.)

As the italicized words indicate, a very literal reading of the statute suggests that *only* " * * * the jury * * * " may recommend mercy. The verbatim statute is silent as to the availability of the more lenient sentence in the event of a guilty plea.

On October 16, 1959, following Petitioner's guilty plea in the Circuit Court of Taylor County, the state court order

reflects the courtroom occurrences prior to sentencing:

And thereupon the defendant, by leave of the Court, introduced evidence at the Bar of this Court, in mitigation of punishment and it appearing to the Court from the evidence adduced that the defendant may be entitled to the mercy of the Court *in the same manner and to the same extent as if a jury had returned a verdict of guilty with a recommendation of mercy* as provided in Chapter 61, Article 2, Section 15, of the Code. (Emphasis added.)

The court then sentenced Taylor to a definite term of fifteen years.

■ Although in at least one earlier habeas corpus action Petitioner sought relief by attacking the validity of the original sentence,[1] his most recent petition for state post-conviction relief in the Marshall County Circuit Court in October, 1966, included, in addition to the two claims discussed and rejected above a claim that the Respondent-Warden had improperly altered his sentence by increasing the maximum term to twenty years.[2]

In his state habeas corpus petition, filed here as Respondent's Exhibit Number 1 (p. 4), Taylor phrased his allegation in this fashion:

It is petitioner's position that the judgment rendered by the Taylor

---

1. In Taylor v. Boles, Civil Action File No. 1180–W (N.D.W.Va.1962), Petitioner claimed that the state circuit court lacked jurisdiction to sentence him to a "flat" sentence of fifteen years. This Court found such a sentence to a definite term was permissible, citing State v. Beacraft, 126 W.Va. 895, 30 S.E.2d 541 at 546 (1944). See West Virginia Code, Section 61–11–16 (Michie's ed. 1966). This Court reaffirms that conclusion. See Note 4, infra.

2. Petitioner has submitted an exhibit indicating that on June 2, 1966, he received a prison "good time slip" stating that, with "good time" credit, the expiration date of his sentence would be February 11, 1969. This amounted to an increase of two and a half years over his original

expiration date as reflected in an earlier "time slip," dated January 13, 1966.

Because of the interrelation of "good time" and "extra good time" credit, see West Virginia Code, Sections 28–5–27 and 28–5–27a (Michie's ed. 1966), this Court cannot determine on this record whether, in fact, the Respondent had administratively altered Taylor's sentence by treating it as one with a maximum of twenty years. That determination, however, is not necessary to this Court's immediate decision. The Court need only observe at this point that if this allegation were true, such an act would be beyond the Warden's power and would wrongfully deny Petitioner his right to release upon expiration of his sentence. See Perkins v. Peyton, 369 F.2d 590, 592 (4 Cir. 1966).

County Circuit Court was in itself erroneous, *nevertheless, and under no circumstances, has the state legislature enacted any statute or law, to date, endowing the office of the Warden of the state penitentiary with the necessary authority or power to edit, alter, correct or in any way tamper with judgments* or questions (sic) the judgments and orders to come from the Courts. (Emphasis added.)

Although the first few words of the above paragraph seem to question the original judgment, the italicized language, when read in the context of his entire state court petition, clearly shows that Taylor was there complaining of the Warden's alleged revision of his sentence, and was not complaining of the original state court sentence.

Nevertheless, once the Circuit Court of Marshall County granted a habeas corpus hearing and appointed counsel for Taylor, that attorney in his brief, filed here as Respondent's Exhibit Number 3, framed this issue not as a complaint against the Warden's interpretation of Petitioner's sentence, but as an attack on the validity of Taylor's fifteen year sentence.[3]

Respondent, in his brief filed in the state habeas corpus action, filed here as Respondent's Exhibit Number 4, at pages 6–8, argued alternatively either that the fifteen year sentence merely had the effect of a recommendation that Petitioner serve a minimum of fifteen years on his life term,[4] or that the sentence was erroneous, as Taylor's counsel had contended in his brief, and that Petitioner should be returned to the state trial court for proper sentencing—namely, " * * * confinement in the penitentiary for life, * * *."

With the issue thus structured, the Marshall County Circuit Court made the following finding, filed here as Respondent's Exhibit Number 5:

3. That the [trial] court was without authority to impose a sentence of fifteen years, as under the statute as it then existed, [W.Va.Code, § 5930 (Michie's ed. 1961)] the court was under a mandatory duty to either sentence the defendant to life in prison or to the death penalty, and therefore his sentence to fifteen years is a void sentence, and that the petitioner should be discharged from confinement subject to the right of the State to proceed further against him as provided by law.

Petitioner was returned to the trial court, (the Circuit Court of Taylor County), assigned counsel, and resentenced, with credit for time served, to a life term on January 26, 1967. He was an unsuccessful habeas corpus applicant be-

---

3. In fairness to the state habeas corpus attorney, this Court recognizes that the decision to attack the original sentence perhaps was the client's determination. In an understandable, proper and appropriate effort to protect himself, that attorney (see the state habeas corpus transcript, Respondent's Exhibit Number 2, at page 23), vainly sought an affirmative response from Taylor acknowledging that he realized he might face resentencing if he prevailed in his attack on the original sentence.

In any event, no hearing is necessary to apportion responsibility between Taylor and his state habeas corpus counsel. In Patton v. State of North Carolina, 381 F.2d 636 (4 Cir. June 14, 1967), the United States Court of Appeals for this circuit reaffirmed its holding in United States v. Walker, 346 F.2d 428 (4 Cir. 1965), that "in seeking correction of an erroneous sentence, a defendant does not waive his double jeopardy right not to be subjected to multiple punishment."

4. This contention was apparently based on West Virginia Code, Section 61–11–16 (Michie's ed. 1966) which reads, in part as follows:
Every sentence to the penitentiary of a person convicted of *a felony for which the maximum penalty prescribed by law is less than life imprisonment,* * * * shall be a general sentence * * *. In imposing this sentence, the judge may, however, designate a definite term, which designation may be considered by the board of probation and parole as the *opinion* of the judge under the facts and circumstances then appearing *of the appropriate term recommended* by him to be served by the person sentenced. * * * (Emphasis added.)

fore the Supreme Court of Appeals of West Virginia, where his petition was denied on May 1, 1967.

Succinctly stated, the questions presented here for determination are: (1) Did the Marshall County Circuit Court correctly interpret the West Virginia statute governing the sentence for rape as it existed in 1959? (2) Does the statute, as interpreted, meet minimum federal constitutional standards? A negative answer to either of these questions compels a result in favor of Petitioner.

Since this Court finds that the West Virginia rape statute was incorrectly interpreted, the federal constitutional question may be avoided.[5] This Court holds that the original sentence of fifteen years was a permissible sentence; and that the same trial court's resentence was void.

Before explaining this Court's agreement with the Circuit Court of Taylor County (the original sentencing court) and disagreement with the Circuit Court of Marshall County regarding the interpretation of the West Virginia statute in question, it is appropriate and perhaps necessary for this Court to declare the reasoning which leads to the determination that this Court is empowered to disagree with a state court's interpretation of its own law, particularly where two courts of equal statute differ in their interpretation and neither is the "highest court" of the state.

██ Since this Court is faced with a problem of interpreting state law, the command of Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938), must be followed—namely, to apply state law whether "declared by its Legislature in a statute or by its highest court." Here, however, we are faced with a statute apparently never construed by West Virginia's highest court.

The intermediate question presented therefore is this: Where a state supreme court has not spoken on an issue, is a federal district court bound by a lower state court's ruling?

██ Candidly stated, the answer appears to be that, while a lower state court's decision may not be lightly disregarded, there may be other materials, other "persuasive data," which indicate that a different result might be expected from the state's highest court. See Wright, Federal Courts, Section 58 (1963); Bernhardt v. Polygraphic Co., 350 U.S. 198, 205, 76 S.Ct. 273, 100 L.Ed. 199 (1956). Compare Comm'r v. Bosch Estate, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (May 5, 1967).

Although this Court has found no closely related discussions by the West Virginia Supreme Court bearing on the present problem, using generally accepted principles of statutory interpretation, we are convinced that the State's highest court would not have agreed with the intepetation of the Circuit Court of Marshall County.

Three factors[6] enter into this Court's decision that the West Virginia rape statute in effect in 1959 should not be so literally construed as to allow a more

---

5. If, in fact, the original sentence was incorrect and, further, if there were no constitutional difficulties in the construction of the statute by the Circuit Court of Marshall County, then it seems clear that Petitioner's guilty plea could possibly be found to have been involuntary, as based on "state action" or "judicial" misinformation. The transcript of the Marshall County Circuit Court's habeas corpus hearing (Respondent's Exhibit Number 2 at page 23), indicates that the prosecuting attorney had agreed with Taylor's original trial attorney to "go along with a recommendation of mercy."

The prosecutor went on to say, "I recommended a mercy sentence of fifteen (15) years."

6. Another consideration that seems of some significance to the Court is that, as indicated above, the decision of the Circuit Court of Marshall County, invalidating Taylor's orginal sentence, was urged by Petitioner's counsel as well as by Respondent. The fact that the state court did not have the benefit of the strongest adversary process on this issue suggests this decision may have been reached without customary reflection.

lenient sentence than life in prison or the death penalty *only* by the force of a *jury* recommendation. First, such an interpretation renders the statute irrational. This Court cannot presume that the West Virginia Legislature intended to require a defendant, desiring to plead guilty to rape, to compel the State to convene a jury trial in order to obtain a recommendation of mercy and a more lenient sentence.

Secondly, the statute in question has now been amended, since Petitioner's initial sentence, to specifically permit a trial court to extend mercy in the case of a guilty plea. Acts of the West Virginia Legislature, Chapter 40 (1965). While it may be argued that the change points up the contrast between the statute before and after amendment, this Court adopt the reasoning that it is more reasonable to view the amendment as a clarification of prior law and an effort to eliminate a serious ambiguity.

Finally, serious constitutional questions are raised by the Circuit Court of Marshall County's determination. While the United States Supreme Court has indicated that the government may insist on a jury trial when a defendant denies his guilt and seeks a non-jury trial, Singer v. United States, 380 U.S 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). it would be anomalous if a penalty could be attached to pleading guilty—namely, the inability to obtain a more lenient sentence. This result would seem so arbitrary and irrational as to deny that fundamental fairness guaranteed by the Due Process Clause. In addition, such a disparity of treatment between those seeking to plead guilty and those going to trial suggests an invidious and arbitrary discrimination which offends Equal Protection guarantees.

It should be stressed that this Court does not decide those constitutional issues. However, the serious doubts they raise argue powerfully for the interpretation of the statute this Court favors, and which, it is believed, the West Virginia Supreme Court would adopt.

 Accordingly, the Court finds that the original extension of leniency to the Petitioner by the Circuit Court of Taylor County in 1959 was correct and authorized by the statute. It follows that the voiding of that sentence by the Circuit Court of Marshall County and the resentencing of Petitioner pursuant thereto are void.

Since the granting of habeas corpus relief here involves a finding that the original sentence of fifteen years was correct, there is no requirement that Taylor be resentenced. Respondent need only furnish this Court with suitable evidence that Petitioner's original sentence has been reinstated.

An order will be entered providing for the above result.