**UNITED STATES of America**

v.

**Thomas HAMILTON, Jr.**

**No. Cr. 72–271.**

United States District Court, W. D. Tennessee, W. D.

July 20, 1973.

---

Thomas F. Turley, Jr., U. S. Atty., J. N. Raines, Asst. U. S. Atty., Memphis, Tenn., for plaintiff.

Irving M. Salky, Memphis, Tenn., for defendant.

## ORDER ON MOTION TO REMAND TO MAGISTRATE

ROBERT M. McRAE, Jr., District Judge.

In this case the defendant, Thomas Hamilton, Jr., was indicted by the grand jury for embezzlement from the United States Navy, which charges a violation of 18 United States Code, § 641. There are ten counts set forth in the indictment, all of which pertain to embezzlements under $100.00 for which the maximum penalty on each count is a fine of not more than $1000.00, or not more than one year imprisonment, or both.

At the arraignment before the undersigned District Judge the defendant entered a plea of not guilty, and an oral motion was made by his attorney that the case be remanded to the Magistrate for disposition.

The United States Attorney opposes the motion for remand, primarily upon the ground that the waiver of a jury trial requires the government's consent.

18 United States Code, § 3401, provides in subsection (a) that the magistrate shall have jurisdiction to try and sentence persons accused of minor offenses. Subsection (f) of that statute defines a minor offense as "misdemeanors punishable under the laws of the United States, the penalty for which does not exceed imprisonment for a period of one year, or a fine of not more than $1000.00, or both." Subsection (b) of 18 United States Code, § 3401 provides the following:

Any person charged with a minor offense may elect, however, to be tried before a judge of the district court for the district in which the offense was committed. The magistrate shall carefully explain to the defendant that he has a right to trial before a judge of the district court and that he may have a right to trial by jury before such judge and shall not proceed to try the case unless the defendant, after such explanation, signs a written consent to be tried before the magistrate that specifically waives both a trial before a judge of the district court and any right to trial by a jury that he may have.

Although this statute does not specifically state that a defendant has a right to waive his jury trial in the district court and agree to be tried by the magistrate without the consent of the government, it appears that the statute does grant such a right by necessary implication. The provision that a defendant must execute a waiver to be tried by the magistrate must carry with it the right to execute such a waiver and, in fact, be tried by the

magistrate. There is nothing in the statute indicating that the consent of the government is necessary before a defendant executes such a waiver and agrees to a trial by a magistrate.

■ One of the government's contentions is that the defendant may not waive a jury trial and elect to be tried upon a minor offense by the magistrate because the case was commenced by an indictment. Rule 2 of The Federal Rules of Procedure for the Trial of Minor Offenses Before United States Magistrates provides that the trial of a minor offense "may proceed on a complaint filed with the magistrate or on an information filed with the clerk of the district court." It may be prosecuted by information, without agreement of the defendant, or, under Rule 2 of the magistrate's rules, simply by a complaint. Rule 7(a) Federal Rules of Criminal Procedure. It is noted that Rule 2 provides that a minor offense "may" proceed on a complaint or *information*, therefore it does not specifically exclude an indictment. This Court concludes that the fact that the defendant was indicted rather than charged in a complaint or information should not make the difference in determining whether the cause should be remanded to the magistrate for disposition.[1]

■ Rule 23(a) of the Federal Rules of Criminal Procedure provides:

*Trial by jury.* Cases required to be tried by a jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government.

In Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965) the Supreme Court considered Rule 23 (a). In that case the Court reaffirmed its holding in Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930) that a defendant may waive his constitutional right to a jury trial in appropriate instances. However, the Court further held in *Singer* that the right of a defendant to waive a jury trial was not an absolute right and that there was no constitutional impediment in conditioning the defendant's waiver right upon the approval of the court and the consent of the government as provided in Rule 23(a).

If the phrase in Rule 23(a) "[c]ases required to be tried by jury," means all those cases in which a defendant has a constitutional right to a jury trial, everything is included except petty offenses.[2] Thus, it might be argued that the government's consent must always be obtained before a defendant could have his misdemeanor charge, other than a petty offense, tried by a magistrate, no matter how the charge is brought.

However, 18 United States Code, § 3401 was amended and the magistrate's rules were adopted subsequent to the adoption of Rule 23 of The Federal Rules of Criminal Procedure. This Court, therefore, concludes that these subsequent enactments impose an exception on Rule 23(a) in those cases in which a defendant waives his right to trial by jury and elects to be tried by a magistrate. As noted above, this Court is of the opinion that 18 United States Code, § 3401 was intended to, and did, grant a defendant a right to a trial by a magis-

1. It is also significant that Rule 6 provides that "[c]ases of minor offenses, other than petty offenses, may, upon transfer under Rule 20 of The Federal Rules of Criminal Procedure, be referred to a magistrate for plea and sentencing, if authorized by rule or order of the district court." There is no mention in this rule of the cases having been begun by complaint or information. It

would seem illogical to allow a magistrate to try offenses begun in other jurisdictions by indictment and not those begun by indictment in his own jurisdiction.

2. Under 6 months in prison or a $500.00 fine, or both. See 18 U.S.C. § 1; Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).

trate if he so desires. Therefore, it might be said that, since the amendment of 3401 and the adoption of the magistrate's rules, those minor offense cases in which the defendant waives his right to a jury trial and elects to be tried by a magistrate are no longer "[c]ases required to be tried by a jury." There is no constitutional impediment to this interpretation. See Patton v. United States, 281 U.S. 276, 297, 50 S.Ct. 253, 257, 74 L.Ed. 854 (1930), in which Justice Sutherland, speaking for the Court, noted that "[i]t is reasonable to conclude that the framers of the Constitution simply were intent upon preserving the right of trial by jury primarily for the protection of the accused."

For the above reasons, it is therefore ordered that the case will be remanded to the magistrate for written waiver of the jury and disposition.