589 P.2d 114

STATE of Idaho, Plaintiff-Respondent and Cross-Appellant,

v.

Thomas Eugene CREECH, Defendant-Appellant and Cross-Respondent.

No. 12224.

Supreme Court of Idaho.

Jan. 11, 1979.

Bruce O. Robinson, Nampa, for defendant-appellant and cross-respondent.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent and cross-appellant.

PER CURIAM.

Defendant-appellant Thomas Eugene Creech was convicted of two counts of murder in the first degree and was sentenced to death. He appeals alleging that his conviction and sentence must be set aside because (1) Idaho's mandatory death penalty is unconstitutional; (2) the trial court refused to permit him to waive his right to a jury trial; and (3) the trial court improperly dismissed jurors for cause. We affirm appellant's judgment of conviction, but set aside his sentence and remand the case for resentencing.

■ The trial court sentenced appellant pursuant to a statute which made death the mandatory penalty for first degree murder. Ch. 276, § 2, 1973 Idaho Sess. Laws 588. Subsequent to appellant's sentencing, the United States Supreme Court decided *Woodson v. North Carolina*, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976), which held unconstitutional such mandatory death penalties. The statute under which appellant was sentenced is virtually identical to the North Carolina statute held unconstitutional in *Woodson*. As to Creech's assignment of error concerning the death penalty, for the reasons expressed in the companion case of *State of Idaho v. Lindquist*, 589 P.2d

101, released today, the judgment of conviction of the defendant-appellant Creech is affirmed, but the sentence of death imposed by the trial court is set aside and the cause remanded to the district court for resentencing.

■ Appellant contends that his conviction must be reversed because the trial court refused to permit him to waive his right to a jury trial. The Federal Constitution does not guarantee to a criminal defendant the right to waive a jury trial. *Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); *Singer v. United States*, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). Likewise, the Idaho Constitution does not guarantee the right to waive a jury trial in a felony case. Idaho Const. Art. 1, § 7. Thus, the trial court did not err in refusing to try appellant without a jury.

■ Finally, appellant argues that his conviction must be set aside because the trial court improperly dismissed two jurors for cause. The jurors were dismissed during voir dire after they stated unequivocally that due to their feelings about the death penalty, they would not vote to find appellant guilty of first degree murder no matter what the evidence showed. Relying upon *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), appellant argues that the exclusion of jurors opposed to capital punishment resulted in a jury so organized as to increase the possibility of his conviction of the crime of first degree murder. The Supreme Court in *Witherspoon*, however, specifically rejected appellant's argument. It stated, "We simply cannot conclude, either on the basis of the record now before us or as a matter of judicial notice, that the exclusion of jurors opposed to capital punishment results in an unrepresentative jury on the issue of guilt or substantially increases the risk of conviction." 391 U.S. at 517–18, 88 S.Ct. at 1775. *Accord, People v. Murphy*, 8 Cal.3d 349, 105 Cal.Rptr. 138, 503 P.2d 594 (1972). Furthermore, the two jurors who were excluded in this case stated that their feelings about

capital punishment would prevent them from voting to convict. The Supreme Court expressly stated that the issue in *Witherspoon* "does not involve the right of the prosecution to challenge for cause those prospective jurors who state that their reservations about capital punishment would prevent them from making an impartial decision as to the defendant's guilt." 391 U.S. at 513, 88 S.Ct. at 1772. Thus, we find no error in the trial court's dismissal of the two jurors in this case.

The issues raised in the cross-appeal filed by the state will not be discussed in this opinion. The state's brief indicates that these issues can be abandoned if the validity of the conviction is upheld and not challenged because of trial conduct. Considering our disposition of the case, we find it unnecessary to address the points raised in the cross-appeal.

The appellant's judgment of conviction is affirmed. His sentence is set aside and the case is remanded for further proceedings consistent with the opinion in *Lindquist.*

SHEPARD, C. J., and DONALDSON, J., adhere to their views expressed in *State v. Lindquist.*