NESBITT, Judge
(concurring):
The state’s argument here was that the prosecutor was well aware of the defendant’s knowledge because he had cooperated fully for a number of years. Consequently, the state maintained that the trial judge’s decision to allow defense counsel to remain in the in camera hearing but prohibit attendance by the state did not comport with fundamental fairness. See United States v. Zolin, 491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989); Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965); In re Taylor, 567 F.2d 1183 (2d Cir.1977). While I agree with that contention I concur in the denial of certiorari. The state has not brought up the records sufficient to show error. Without knowing what arguments were made to the trial judge, and the nature of the state’s objection, I cannot conclude that the order under review departed from the essential requirements of law. Tuttle v. Miami Dolphins, Ltd., 551 So.2d 477 (Fla. 3d DCA 1988), review denied, 563 So.2d 635 (Fla.1990) (where appellant does not satisfy burden of demonstrating error in the record, the appellate court will invoke presumption of correctness).