# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-10247
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRADLEY C. STARK,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-258-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Bradley C. Stark was convicted by a jury of wire fraud and securities fraud related to a scheme to defraud investors in his investment firm, Sardaukar Holdings. He has appealed his conviction and sentence.

The district court denied Stark's motion for a nonjury trial on the ground that the Government had not given its consent to a nonjury trial. *See* FED. R. CRIM. P. 23(a). Stark contends that the Government had no legitimate basis

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10247

for withholding its consent.  The Government is not required to articulate its reasons for withholding its consent, and this was not a case in which it would have been appropriate for the district court to override the Government's refusal to give its consent.  *See Singer v. United States*, 380 U.S. 24, 36-38 (1965).  No abuse of discretion has been shown.  *See id.* at 34.

Stark contends that the evidence of his guilt was insufficient.  To establish that Stark committed wire fraud, the Government had to prove that he engaged in "a scheme or artifice to defraud" and that he used "wire communications in furtherance of the fraudulent scheme."  *United States v. Stephens*, 571 F.3d 401, 404 (5th Cir. 2007) (internal quotation marks and citation omitted).  Stark does not contend that evidence of his use of wire communications was insufficient.

Many of the investments in Sardaukar were generated by third-party aggregators.  Contrary to Stark's assertions, "the government [was] not required to prove that any misrepresentations were made directly to the victim[s]."  *United States v. Bernegger*, 661 F.3d 232, 240 (5th Cir. 2011).  Nor was it required to prove that Stark intended that some harm result from his deceit, as it was sufficient for the Government to show that Stark intended to bring about a financial gain to himself.  *See United States v. Judd*, 889 F.2d 1410, 1414 (5th Cir. 1989).  A reasonable juror could have found that the Government proved beyond a reasonable doubt that Stark had engaged in a scheme or artifice to defraud.  *See United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc), *petition for cert. filed* (June 24, 2014) (No. 13-10737).

Additionally, the Government proved that Stack was involved in the offer or sale of securities falling within the scope of the securities fraud statute. The joint venture agreements and subscription agreements between

2

No. 12-10247

Sardaukar and its investors constituted "investment contracts" and were thus "securities" under 15 U.S.C. § 77b(a)(1). *See S.E.C. v. W.J. Howey Co.*, 328 U.S. 293, 298-99 (1946). Contrary to Stark's assertions, the lack of a written agreement between one group of investors and Sardaukar did not prevent him from being convicted of securities fraud with respect to sums invested by those investors. *See id.* The evidence introduced to prove that Stark committed securities fraud was sufficient. *See Vargas-Ocampo*, 747 F.3d at 301.

The district court did not err in denying Stark's motion for a new trial. Stark asserts that a new trial should have been granted because Sardaukar's receiver testified falsely as part of the Government's case. After reviewing the record, we conclude that the receiver's inaccurate testimony with respect to a relatively minor matter could not have had a significant effect on the outcome of the trial. *See United States v. O'Keefe*, 128 F.3d 885, 893-94 (5th Cir. 1997). No abuse of discretion has been shown. *See United States v. Piazza*, 647 F.3d 559, 564-65 & n.3 (5th Cir. 2011).

Stark contends that the district court erred in overruling his objection to the probation officer's finding that the offense involved at least 250 victims and in increasing his guidelines offense level by six levels under U.S.S.G. § 2B1.1(b)(2)(C). There was an ample evidentiary basis supporting the district court's finding. *See United States v. Valencia*, 44 F.3d 269, 274 (5th Cir. 1995). The judgment is AFFIRMED.