Edwards v. State.

## CHARLES EDWARDS v. STATE.

1. The supplement to the act entitled "An act to facilitate judicial proceedings in the county of Essex," (*Pamph. L.* 1867, *p.* 463,) which provides that any person charged on oath before any justice of the peace or police justice with any offence triable by law before the Court of General Sessions of the Peace, may, by his written consent, waive indictment and trial by jury, and request to be tried before the Quarter Sessions, on an accusation in writing, alleging the time, place and nature of the offence, and empowers the said court to proceed to trial, and judgment and sentence thereon, in conformity with the law, is constitutional.

2. The provisions of the constitution, that "no person shall be held to answer for a criminal offence, unless on the presentment or indictment of a grand jury," and that "in all criminal prosecutions, the accused shall have a right to a speedy public trial by an impartial jury," are placed in the constitution under the head of " Rights and Privileges," and are classified with the other rights and privileges enumerated in the constitution. Both provisions are for the benefit of the accused, and both are subject to that fundamental rule of law that a person may renounce a provision made for his benefit, and to that maxim, *Quilibet potest renunciare juri pro se introducto*, which applies as well to constitutional law as to any other.

3. The constitutional rights of an accused are not infringed where two modes of preferring a criminal accusation and two modes of trial are provided by law—one by indictment and trial by jury, the other by a written accusation and trial by the court—and the option is given to the accused to have the accusation submitted to a grand jury, with trial by jury, in case an indictment be found, or to submit to a trial on a written accusation, and by the court without a jury.

4. Under the statute referred to, if the accused be not bound by his written

application for trial in the manner provided by the act, he is at least concluded from retracting when the proceedings have gone so far that he has appeared and pleaded to the accusation.

5. To warrant an order that the accused be sent to the reform school, under the statute (*Rev.*, *p.* 952,) the record must show that the accused was under the age of sixteen years.

On writ of error to the Essex Court of Quarter Sessions.

By an act of the legislature entitled "A supplement to an act entitled 'An act to facilitate judicial proceedings in the county of Essex,'" passed March 27th, 1867, it was enacted that "whenever any person shall be charged upon oath, before any justice or police justice, in the county of Essex, with any offence now triable by law before the Court of General Quarter Sessions of the Peace, and such person shall, in writing signed by him or her, addressed to the prosecutor of the pleas of said county, waive indictment and trial by jury, and request to be tried immediately, it shall be the duty of said prosecutor, unless he and the presiding judge of the Common Pleas of said county shall think the public interest will be benefited by denying said request, to apply to the presiding judge of the Court of Common Pleas of said county, constituted by the act to which this act is a supplement, for the immediate trial of said person; and said presiding judge shall thereupon call a Court of Special Quarter Sessions, to be composed of himself and at least two other judges of said court, to meet at the court-house in said county, which court is hereby empowered and required to try such person with all due speed, having due regard to the circumstances of the case, the public benefit, and the possibility of obtaining necessary witnesses, and to determine and adjudge the guilt or innocence of the person charged. If such person be acquitted by said court, he shall be forthwith discharged; if he shall plead guilty, or be convicted, said court shall thereupon forthwith render and record such judgment of imprisonment or fine as shall be authorized by law in case such person has been duly indicted and convicted; and it shall be the duty of said prosecutor (in person

or by deputy), to attend upon said trial, prefer to said court an allegation in writing, alleging the time, place and nature of the offence with which such person is charged, to which such person shall forthwith plead ; and the proceedings for bringing such person for trial before said court, his accusation, plea, trial and sentence, subpœnaing of witnesses, and the costs of such proceedings, shall be in comformity with law." *Pamph. L.* 1867, *p.* 463.

Edwards, the plaintiff in error, with three other persons, was charged, before a police justice of the city of Newark, with larceny, and receiving goods of the value of $16. By a writing addressed to the prosecutor of the pleas, these persons waived indictment and trial by jury, and requested to be tried immediately, under the provisions of the above act. The request was granted, and on the 12th of June, 1882, the prosecutor presented to the court an allegation in writing, against the accused. The accused, on that day entered a plea of not guilty, and the hearing of the accusation was set down for the 19th of June, 1882. On the day last mentioned, the court met for the trial, and Edwards applied, in writing, for leave to withdraw his application for trial under the statute. The court refused leave to withdraw, and proceeded to trial. The accused were found guilty, and Edwards was sentenced to the reform school until he should reach the age of twenty-one years. From this judgment Edwards took out this writ of error.

Argued at June Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff in error, *Samuel Kalisch.*

*Contra, Oscar Keen, Prosecutor of the Pleas.*

The opinion of the court was delivered by

DEPUE, J. The proceedings in the court below were in all respects in compliance with the requirements of the statute.

The plaintiff in error contends that the legislature had not the capacity, under the constitution of this state, to provide for this manner of preferring a criminal charge, and this mode of trial.

The course of procedure adopted in the court below has the sanction of the law-making power of the state. The cases cited by the counsel of the plaintiff in error, in which it was held that the accused could not, by a consent, give the court a jurisdiction not conferred by the legislature, or authorize a mode of trial unknown to the law, are inapplicable. In counties in which acts similar to this statute are in force, two modes of preferring a criminal accusation and two modes of trial are provided by law—the one by indictment and trial by jury; the other by a written accusation and trial by the court; and the option is given to the accused to have the complaint submitted to a grand jury, with trial by jury in case an indictment be found, or to submit to a trial on a written accusation without indictment, and by the court without a jury.

The trial of criminal complaints on a written accusation, without indictment and by the court, upon the consent of the accused, is not of recent origin in this state. As early as 1738 an act was passed which authorized any two magistrates to try persons charged with larceny of goods under the value of twenty shillings, upon an accusation in writing made by the clerk of the Court of Quarter Sessions, with a proviso that if the person so accused should make his choice and request to the said magistrates to be tried by the course of the law as it was before the act was passed, he should be remanded to jail, there to be kept to that end. 1 *Nevill* 235–272. This act was repealed and, in substance, re-enacted by the act of 1797, substituting $6 instead of twenty shillings as the limit of the jurisdiction, and justices of the peace for magistrates. *Pat.* 213, § 32. By the act of February 17th, 1839, the act of 1797 was re-enacted, advancing the limit of jurisdiction to larceny of goods to the value of any sum under $20, and making the right of the justice to proceed to trial dependent on the consent thereto of the accused. *Pamph. L.* 1837, *p.* 117,

Edwards v. State.

§§ 31, 32. These sections, with some unimportant alterations, were re-enacted in the Revision of 1846, (*R. S., p.* 266,) and as revised in 1846 were retained in the Revision of 1874. They are now in force, except in those counties for which acts like the one in question have been enacted. *Rev., p.* 273, §§ 37, 38.

With the policy or expediency of the law we have no concern. We consider only the validity of proceedings taken under it. The question is whether, the legislature having provided the two methods of procedure, and given the accused the election which he shall accept, the accused, under our constitution, may not avail himself of the right to have the accusation against him disposed of by the more speedy procedure of a trial upon a written accusation and before the court. Has the constitution placed persons charged with criminal offences under such a disability, with respect to option and waiver, as that a person implicated in a criminal charge, and innocent, must rest under the suspicion of guilt until a regular term of the court at which a grand jury may be convened, or that a guilty person shall submit to imprisonment and punishment in consequence of his crime in advance of judgment and sentence, in order to await the occurrence of a regular term of the court?

The provisions of the constitution which relate to the subject are paragraphs 8 and 9 of article I. Paragraph 9 provides that "No person shall be held to answer for a criminal offence unless on the presentment or indictment of a grand jury, except in cases of impeachment, or in cases cognizable by justices of the peace, or arising in the army or navy, or in the militia when in actual service in time of war or public danger." Paragraph 8 is as follows: "In all criminal prosecutions the accused shall have a right to a speedy and public trial by an impartial jury; to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel in his defence." These paragraphs are placed in the constitution under the head of "Rights and Privileges," and are classified

with the other rights and privileges enumerated in the constitution.

Under constitutional provisions that the accused shall have a right to a speedy public trial by an impartial jury, and that the right of trial by jury shall remain inviolate, the Supreme Court of Connecticut held that an act of the legislature which provided that in all prosecutions the party accused, if he should elect, might be tried by the court instead of by the jury, was constitutional. *State* v. *Worden*, 46 *Conn.* 349.

Under similar constitutional provisions, the Supreme Court of Alabama sustained the validity of a statute which made it the duty of the judge, in the trial of misdemeanors, to decide the cause without a jury, unless the accused should demand a jury. *Connelly* v. *State*, 60 *Ala.* 89. The constitution of Michigan provides that " the trial by jury shall remain, but shall be deemed waived in all civil cases unless demanded by one of the parties."

In *Ward* v. *People*, 30 *Mich.* 116, the argument of the counsel of the accused was that inasmuch as the constitution authorized a waiver of trial by jury in civil cases, a prohibition of waiver in criminal cases was implied. But the court sustained a conviction for an assault and battery on a trial before a justice of the peace without a jury, the accused having waived a trial by a jury and submitted to a trial by the justice. The court said : " The law secures to him [the accused] the right of being tried in either way, as he may prefer; and though a trial by jury might generally be considered as more advantageous to a defendant, yet he may sometimes prefer to be tried by the court without a jury ; and if he deems it a privilege to be thus tried, it certainly cannot be any violation of his constitutional rights to allow him to make that election." The constitution of Ohio contains provisions on this subject similar to those in the constitution of Connecticut. A statute of that state, defining the jurisdiction of, and regulating the practice in, probate courts, provided that upon a plea other than a plea of guilty, the probate judge should try the issue if the accused did not demand a trial by jury. The court

held the act to be valid, and that the right of trial by jury was not infringed when the option is given to the accused to have the issue tried by the court or by a jury, and he submits to trial by the court. *Dailey* v. *State*, 4 *Ohio St.* 57. In the case just cited, the indictment was for a misdemeanor; and in a later case, the same court, on the trial of an indictment for forgery, denied the validity of a consent to a trial before the court. The opinion in which this ruling was made was a *per curiam* opinion, without much consideration—the court merely saying that it was admitted by the attorney-general that in the higher grades of crime it is not in the power of the accused to waive a trial by jury, and adding that such was the opinion of the court. *Williams* v. *State*, 12 *Ohio St.* 622. The distinction between the higher and lower grades of crime, as applicable to a waiver, is repudiated by Carpenter, J., in State *v.* Worden; and the conviction affirmed in that case was for rape, and the judgment pronounced was of imprisonment for life in the state prison. It will be observed also that the Ohio statute authorizing waiver of trial by jury applied only to the probate court, and the conviction affirmed in Dailey's case was had in that court; whereas Williams' case, which was reversed, was up on error upon a conviction in the Court of Common Pleas. It is possible that the decision of the two cases may be reconciled upon the absence of any legislative authority empowering the court whose judgment was reversed, to accept a waiver of trial by jury, without resorting to a distinction in the grade of the crimes. Mr. Bishop, writing on the subject, says that if the accused has the option to have his case submitted either to the judge or the jury, and chooses the former, or does not demand a jury trial, he has waived his constitutional right, and he cannot complain either of what was done or of the legislative enactment under which the court proceeded. 1 *Bish. Cr. Pro.*, § 759. Mr. Wharton also places the illegality of a trial without a jury, by the consent merely of the accused, on the absence of statutory authority for a waiver of such a right. *Whart. Cr. Pl. and Prac.*, § 733.

Other illustrations will be found of the efficacy of a waiver of constitutional rights by the accused. He is entitled to a trial by an impartial jury. He may be tried by a panel of prejudiced and biased jurors if he waives his right to object to individual jurors by a failure to interpose a challenge at the proper time. He is entitled to be confronted with the witnesses against him; but his consent to have depositions or the testimony taken at a former trial read, and thus dispense with the attendance of the witnesses in person, will legalize the admission of such testimony. *State* v. *Polson*, 29 *Iowa* 133. Further illustrations on the same subject are given in *Whart. Cr. Pl. and Prac.*, § 733, and note; *Cooley on Const. Lim.* (319) 391, notes to fifth edition; *Murphy* v. *Commonwealth*, 1 *Metc.* (*Ky.*) 365; *State* v. *Kauffman*, 51 *Iowa* 578.

But it is insisted that if the accused may waive his right to a trial by jury, he cannot, by his consent, dispense with a presentment or indictment by a grand jury. The argument is based on the difference in the language of the two constitutional provisions. It is true that the language in the provision securing trial by jury is expressive of an intention to confer a right, and the language in the other provision, with respect to a presentment or indictment, is prohibitory in the form of expression. But, nevertheless, both these provisions are classified under the title of "Rights and Privileges," and among the rights and privileges enumerated in the constitution. The form of expression in which the constitutional guaranty of the rights and privileges to which these two paragraphs relate are declared, does not alter or affect the nature of either. The legislature is just as effectually restrained from enforcing, against a non-consenting person, a trial without a jury, as it is from coercing him to answer for the criminal offence imputed to him without a presentment or indictment; and exemption from prosecution without a presentment or indictment is essentially a personal right of the same nature and quality as exemption from trial and conviction except upon the verdict of a jury. Both these provisions were designed for the security of the personal rights

of the individual by exempting him, as a person, from conviction upon a criminal accusation otherwise than is declared in the constitution, and. the framers of that instrument aptly placed both under the class of "Rights and Privileges." We can see no force in the argument that the accused may waive a trial by a jury and not waive the other constitutional privilege of having the accusation against him first passed upon and found by a grand jury. If his waiver is effective in the one instance, it must be in the other. Both provisions are provisions made for the benefit of the accused, and both are subject to that fundamental rule of law that a person may renounce a provision made for his benefit, and to that maxim *quilibet potest renunciare juri pro se introdu̧cto,* which applies as well to constitutional law as to any other. *Baker* v. *Braman,* 6 *Hill* 47 ; *United States* v. *Rathbone,* 2 *Paine* 578.

Another error assigned is that the court refused to allow the accused to withdraw his consent to be tried under the statute.

Application to withdraw the consent was not made until the 12th of June, the day fixed for trial. We think this was too late. There must be some period at which the waiver becomes incapable of being retracted, or the accused might withdraw it at any time during the trial up to the moment of judgment. If the accused was not bound by his written application for trial, he was at least concluded from retracting when the proceedings had gone so far that he appeared and pleaded to the accusation.

Another error assigned relates to the judgment of the court below. The plaintiff in error was sentenced to the reform school until he should reach the age of twenty years. The court cannot make such an order unless it be on the conviction of a person under the age of sixteen years. *Rev., p.* 952, § 25. The age of the plaintiff in error does not appear in the record.

The prosecutor represents that the omission in this respect is due to a clerical error. The cause will stand over to allow the prosecutor to apply for an amendment of the record.