UNITED STATES of America,
Plaintiff,

v.

Joseph F. SCHIPANI, Defendant.

No. 63 CR 237.

United States District Court
E. D. New York.

May 10, 1968.

Joseph P. Hoey, U. S. Atty. for Eastern District of New York, Brooklyn, N. Y., for plaintiff; Eldon F. Hawley, U. S. Department of Justice, of counsel.

Jacob P. Lefkowitz, New York City, for defendant.

MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

The defendant, Joseph F. Schipani, was found guilty in this Court of five counts of income tax evasion on October 15, 1965. He was tried by the Court without a jury since both the government and defendant consented to a waiver of a jury trial. The conviction was affirmed by the Second Circuit (362 F.2d 825) and the Supreme Court denied certiorari on November 7, 1966 (385 U.S. 934, 87 S.Ct. 293, 17 L.Ed.2d 214).

On November 30, 1966, the Solicitor General filed a supplemental memorandum with the Supreme Court which suggested that "the Court vacate its order denying certiorari, grant certiorari, vacate the judgment of the court of appeals, and remand the cause to the district court for a new trial, should the government seek to prosecute petitioner anew." The basis for this suggestion was the discovery by attorneys in the Department of Justice that the defendant had been a participant in a number of conversations which had been electronically monitored as a result of a trespass. This electronic surveillance took place during the period when much of the evidence used at the trial was discovered. Thus, the Solicitor General was unable, on the basis of the information then available to him, to "say * * * that none of the evidence used by the gov-

ernment at petitioner's trial was obtained, either directly or indirectly, from an improper source."

The Supreme Court, acting on this suggestion, vacated the judgment and remanded "the cause to the district court for a new trial, should the Government seek to prosecute petitioner anew." 385 U.S. 372, 87 S.Ct. 533, 17 L.Ed.2d 428.

Following a detailed analysis of the hundreds of exhibits and the testimony of the many witnesses relied upon at the trial, the Government concluded that none of the evidence it utilized was tainted. It has decided to continue the prosecution.

Defendant moved to suppress and a full evidentiary hearing was held before this Court. The Government freely revealed all data available to it. It presented all the relevant surveillance logs; the files of the Federal Bureau of Investigation, the Alcohol and Tobacco Tax Division of the Treasury Department, the Intelligence Division of the Internal Revenue Service, and the Department of Justice; and the testimony of the many agents and attorneys involved in the 1961–1963 investigations of the defendant and the 1966 review of their work by the Department of Justice.

At the outset of the hearing the government made known its view that the second trial, if it should be had, should be before a jury. The defendant strongly indicated his desire to be tried a second time without a jury. The issue of the form of the trial has been briefed and argued. The parties have agreed that "whatever motions are required under 23(c) to raise the issue of the right to a jury trial have been made."

The Court reserves decision on the suppression motion. The government's motion to withdraw its consent to a non-jury trial is denied.

Subdivision (a) of rule 23 of the Federal Rules of Criminal Procedure requires the consent of the defendant, the government and the Court to a waiver of a jury trial. See Singer v. United States,

380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). The rule provides:

"Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government."

Prior to the first trial such a jury waiver was signed by defendant and his attorney; the United States Attorney "Consented" and a District Judge of this Court "Approved." The body of the document they executed reads as follows:

"Waiver Of Trial By Jury

Criminal No. 63–CR–237

IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED by and between the defendant JOSEPH F. SCHIPANI and the UNITED STATES OF AMERICA that the above-entitled case in which the defendant JOSEPH F. SCHIPANI is charged with violations of Title 26, United States Code, Section 7201, be tried by the Court without a jury; and the defendant herein, being advised of his right to a trial by jury in this case, hereby waives his right in open court to a trial by jury."

The waiver covers "the above-entitled case"—"Criminal No. 63–CR–237" —rather than a particular trial. The government is seeking to prosecute this case on the same, rather than upon a superceding, indictment and the waiver, by its terms, is not limited to a single trial. It is not unreasonable to construe it as applying to any trial of this indictment.

This court has not been able to find any direct authority on whether a waiver of a jury at the first trial is binding at a subsequent trial in the same criminal case. The civil cases cited by the government are not decisive; they appear to rest on the proposition that where the first trial was on an agreed statement of facts, the parties should not be precluded from introducing new evidence on the second trial. See, e. g., Northern Pacific

Ry. Co. v. Van Dusen Harrington Co., 34 F.2d 786 (D.Minn.1929) (first trial on agreed statement); F. M. Davies & Co. v. Porter, 248 F. 397 (8th Cir. 1918) (no discussion, merely cites Burnham); Burnham v. North Chicago St. Ry. Co., 88 F. 627 (7th Cir. 1898) (first trial on agreed statement). The form of the stipulation in these civil cases was apparently substantially different from the one before us.

The defendant contends that the stipulation agreed to prior to the first trial is still in effect, while it is the government's position that the stipulation is limited to the trial in which the waiver was made and thus its consent must be given anew. If the case is in the posture defendant suggests—and, as already noted, the form of the waiver supports him— then this Court has discretion to allow the waiver to be withdrawn. See, e. g., McCranie v. United States, 333 F.2d 307 (5th Cir. 1964); Orfield, Trial By Jury in Federal Criminal Procedure, 1962 Duke L.J. 29, 77 (1962). If the government is correct then its consent to a waiver normally would be required. Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965).

As the Supreme Court recently indicated in the *Singer* case, however, there may be "some circumstances" in which the government's insistence on a jury trial would be unreasonable:

"We need not determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial. Petitioner argues that there might arise situations where 'passion, prejudice * * * public feeling' or some other factor may render impossible or unlikely an impartial trial by jury. However, since petitioner gave no reason for wanting to forgo jury trial other than to save time, this is not such a case, and peti-

tioner does not claim that it is." 380 U.S. at 37–38, 85 S.Ct. at 791.

Whatever view is proper, whether it is an issue requiring exercise of the trial judge's discretion or a question of the presence of special circumstances which render the government's refusal to consent to a non-jury trial unreasonable, this defendant is entitled to be tried by the Court without a jury if he so desires.

■ There is a substantial danger that the defendant will be severely prejudiced if he is tried before a jury. The government is trying this case on a net worth theory. Its starting point is a 1943 statement made to prison officials by defendant upon entering prison that he had no assets. Thus, a jury would be immediately apprised that the defendant had a prior criminal record. Cf. Spencer v. State of Texas, 385 U.S. 554, 577, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967) (dissent); Kalven and Zeisel, The American Jury 160–61 (1966); Note, Constitutional Problems Inherent in the Admissibility of Prior Record Conviction Evidence, 37 Cinn.L.Rev. 168 (1968). But cf., United States v. Kramer, 355 F.2d 891, 899 (7th Cir.), cert. denied, 384 U.S. 100, 86 S.Ct. 1366, 16 L.Ed.2d 396 (1966). There is, in addition, the distinct possibilty that a jury would link the defendant with organized crime and weigh this against him in determining guilt. Defendant's entire way of life, including his expenditures, his associates, his leisure activities and his style, together with the lack of any indication of legitimate sources of income, reeks with the odor of organized crime. In a net worth case where all facets of the defendant's financial history, including likely sources of income, will have to be fully explored (see Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954); United States v. Massei, 355 U.S. 595, 78 S.Ct. 495, 2 L.Ed.2d 517 (1958) (per curiam)), no disinfecting admonition by the Court and no minor exclusions of evidence can prevent the jury from becoming aware of the stench. Moreover, at the suppression hearing which has just been com-

pleted, there was testimony to the effect that beginning in 1961 the defendant, along with other suspected hoodlums, had been the "target" of an intensive investigation by the Department of Justice's Organized Crime Division. The names of well-known mobsters and derogatory information were spread in the record. The presence of numerous spectators at this week-long hearing raises the possibility that such information will be conveyed to members of a jury through conversation overheard in courtroom corridors.

The government's motion to withdraw its consent to a trial without a jury is denied.

So ordered.