**UNITED STATES of America,
Plaintiff,**

v.

**Earl HARRIS, Defendant.**

**No. 4-69 CR. 74.**

United States District Court,
D. Minnesota.
Fourth Division.

July 23, 1970.

Robert G. Renner, U. S. Atty., by J. Earl Cudd, Asst. U. S. Atty., for plaintiff.

Peter J. Ruffenach, Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

The question here presented on defendant's motion is whether the court should permit over the government's objection a jury-waived trial on a criminal indictment charging bank robbery.

Defendant intends to assert the defense of insanity, and apparently to rely solely thereon, though of course at this stage such election need not be made and any other defense will remain open to him at time of trial. Defendant's counsel argues that if the case is tried before a jury, when defendant takes the witness stand or perhaps in some other manner asserts the insanity defense, the jurors are bound to learn that the "defendant has a long criminal record; has been a drug addict for approximately 20 years; that the defendant has been convicted of manslaughter arising out of a fight with another drug addict over a capsule of heroin; and that the defendant is wanted in several other states for robbery. * * *" This, defendant contends will make an impartial and fair trial impossible.

The United States Constitution provides that the "Trial of all Crimes * * * shall be by jury." Art. III, § 2. It long has been held that trial by jury "is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases. * * *" Patton v. United States, 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854 (1930). The right to a jury trial is considered so fundamental that Rule 23 (a) of the Federal Rules of Criminal Procedure provides in part:

> "Cases required to be tried by a jury *shall* be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government." [Emphasis added]

The government refers specifically to that rule in refusing to give its consent and calls attention to the use of the word *shall*. In Singer v. United States, 380 U.S. 24, 37, 85 S.Ct. 783, 13 L.Ed.2d 630 (1964), the Court stated in part:

> " * * * [T]he government attorney in a criminal prosecution is not an ordinary party to a controversy, but a 'servant of the law' with a 'twofold aim * * * that guilt shall not escape or innocence suffer.' It was in light

of this concept of the role of prosecutor that Rule 23(a) was framed, and we are confident that it is in this light that it will continue to be invoked by government attorneys. Because of this confidence in the integrity of the federal prosecutor, Rule 23(a) does not require that the Government articulate its reasons for demanding a jury trial at the time it refuses to consent to a defendant's proffered waiver." 380 U. S. at 37, 85 S.Ct. at 791.

The Court sets forth other language which is most apposite to the instant case:

"In light of the Constitution's emphasis on jury trial, we find it difficult to understand how the petitioner can submit the bald proposition that to compel a defendant in a criminal case to undergo a jury trial against his will is contrary to his right to a fair trial or to due process. *A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury.* We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him." [Emphasis is added] 380 U.S. at 36, 85 S.Ct. at 790.

In *dicta* the Court further states:

" \* \* \* We need not determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial. Petitioner argues that there might arise situations where 'passion, prejudice \* \* \* public feeling' or some other factor may render impossible or unlikely an impartial trial by jury. However, since petitioner gave no reason for wanting to forgo jury trial other than to save time, this is not such a case, and petitioner does not claim that it is." 380 U.S. at 37–38, 85 S.Ct. at 791.

The defendant relies on the above *dicta* and to support such contention calls the court's attention to United States v. Schipani, 44 F.R.D. 461 (E.D.N.Y.1968). Upon careful analysis of *Schipani* the court does not believe that case to be controlling in the instant situation. In *Schipani* the government had given its consent to a jury-waived criminal trial for income tax evasion pursuant to Rule 23(a) of the Federal Rules of Criminal Procedure. Upon a subsequent appeal from a conviction, the Supreme Court vacated the judgment and remanded the case for a new trial. At the outset of the second trial, the government insisted that the case be tried before a jury and attempted to withdraw its previous consent to the defendant's waiver of a jury. The court held that defendant was entitled to be tried without a jury in that the government's original consent applied to the case as a whole rather than just to a particular trial or aspect of the case. The court then proceeded to state, in what must be characterized as *dicta*, that since the jury would be informed about defendant's prior criminal activity and his connections with organized crime there would be substantial danger that defendant would be prejudiced if he is tried before a jury. Whether the court in *Schipani* would have reached the conclusion it did had the government not given its consent in the first trial this court obviously cannot determine.

In United States v. Kramer, 355 F.2d 891 (7th Cir. 1966), the defendant requested a waiver of jury trial because of his past murder conviction which might affect the jury's decision were it to be disclosed upon defendant's taking the witness stand. The trial court denied defendant's request and defendant stood trial before a jury and decided not to take the witness stand because of the potential effect of an admission of a prior murder conviction would have upon the jury. The court stated in part:

"It may not be surmised that the jury would have been inflamed or that

the publicity attendant such a disclosure would have prevented the jury from making a fair assessment of the evidence against [defendant]. The hypothetical prejudice does not give rise to the exceptional situation which might render impartial trial by jury unlikely or impossible, thereby furnishing a compelling reason for rejecting the government's insistence on its right to consent to the waiver under Rule 23(a) of the Federal Rules of Criminal Procedure Title 18 U.S.C.A. * * *." 355 F.2d at 899

In United States v. Daniels, 282 F. Supp. 360 (N.D.Ill.1968), the court held that even though there had been massive publicity about a crime of violence with which the defendant was charged, this did not justify giving the defendant a trial without a jury over the objection of the government. Both *Daniels* and *Kramer* acknowledged the fact that there may be circumstances where a waiver of this type should be allowed even over the objection of the government, but then added that "this case does not present such a situation." The court in fact has found no clear case where such a situation is or has been presented so as to overrule the government's objection.

This court similarly believes that the present circumstances do "not present such a situation" that the defendant should be granted a trial without jury over the government's objection. Whether or not defendant was legally insane at the time of the commission of the alleged offense is a question of fact for the jury's determination. In establishing insanity in a case such as the instant one it often is necessary to bring out unpleasant aspects of d e f e n d a n t's background. Nevertheless the choice of raising the defense of insanity is left up to defendant and his counsel and once they decide to enter such defense they must expect the related unpleasantries. The court has great confidence in the integrity, good judgment and common sense of jurors and their ability to winnow truth from the chaff and not to be misled by claimed prejudicial facts. Upon the close of the trial the court will instruct the jury as to the law regarding insanity in this jurisdiction and the jury will then be told to apply this law to the particular facts as established during the course of the trial. The court cannot rule that this procedure is inherently unfair or that it would impair defendant's right to have the fair and impartial trial to which he is entitled. In denying defendant's motion the court, like the Supreme Court in *Singer,* is giving the defendant "an impartial trial by jury—the very thing that the Constitution guarantees him."

A separate order has been entered.