**UNITED STATES of America**

v.

**Andrew PANTELEAKIS et al.**

**Crim. No. 76–28.**

United States District Court,
D. Rhode Island.

Nov. 1, 1976.

Thomas E. Wright, Asst. U.S. Atty. for District of R.I., Providence, R.I., for plaintiff.

Joseph A. Kelly, John F. Dolan, John F. Sheehan, Providence, R. I., for defendants.

## MEMORANDUM AND ORDER

PETTINE, Chief Judge.

The defendants, Andrew Panteleakis, Guido R. Salvadore, Kent Nursing Home, Inc., Grandview Nursing Home, Inc., and Great American Nursing Centers, Inc. were indicted by the Grand Jury on twenty-one counts alleging fraud in the administration of the Federal Medicare Program as health care providers operating nursing homes.

Defendants seek to be tried without a jury pursuant to Rule 23(a) Fed.R.Crim.P. but the government refuses to consent to the waiver.

Rule 23(a) provides:

"Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court *and the consent of the government.*" (emphasis added).

However, it appears that the recited governmental consent is not an inflexible condition precedent to a trial before a judge alone. In *Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965) the Court stated:

"We need not determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial. Petitioner argues that there might arise situations where 'passion, prejudice . . . public feeling' or some other factor may render impossible or unlikely an impartial trial by jury. However, since petitioner gave no reason for wanting to forego jury trial other than to save time, this is not such a case, and petitioner does not claim that it is." *Id.* at 38, 85 S.Ct. at 791.

At the least it can be concluded that *Singer* suggests an exception to Rule 23 when "passion, prejudice or public feelings", would deny an accused a fair and impartial trial. There is a paucity of decisional law interpreting *Singer.* However, it seems to this Court that the very basic concepts of a criminal trial demand that judges engraft on this rule such exceptions as justice demands in the face of "compelling" circumstances, when a defendant for such reasons desires to waive his constitutional right to a jury and expose himself to the exacting scrutiny of a judge as trier of fact. To be sure courts must act with reserve and cautiously exercise their discretion in the light and circumstances of the particular facts before them. *See United*

*States v. Wright,* 491 F.2d 942 (6th Cir. 1974).

In *United States v. Schipani,* 44 F.R.D. 461 (E.D.N.Y.1968), a non-jury trial was ordered over the objection of the government. Although it is true the court was actually deciding whether to allow the government to withdraw its waiver to a jury trial in a second trial of the same case, nevertheless, the rationale would appear applicable to the present case. In denying the government's motion, the *Schipani* court noted that the case was being tried on a net worth theory, and that evidence necessary to prove the government's case would apprise the jury that the defendant had a lengthy prior criminal record and substantial links with organized crime. The court found a "substantial danger that the defendant will be severely prejudiced if he is tried before a jury"; and correspondingly that "no disinfecting admonition by the Court and no minor exclusions of evidence" would erase that substantial danger. *Id.* at 463.

■ On the other hand, the mere fact that a case is complicated and might not be correctly understood by a jury is not, in and of itself, sufficient reason to circumvent a jury trial. *United States v. Simon,* 425 F.2d 796, n.1 (2nd Cir. 1969). This stricture is analogous to that imposed on appellate courts when considering assignment of error based on alleged jury instructions beyond the comprehension of the jury. "[A]ppellate courts should be slow to impute to juries the inability to correctly understand the totality of jury instructions, even in a [complicated case]." *United States v. Smaldone,* 485 F.2d 1333, 1349 (10th Cir. 1973). Certainly the government's refusal to waive *its* right to a jury trial is not unreasonable in every complicated case.

■ Here, the defendants contend that they cannot obtain a fair and impartial jury trial for the following reasons:

(1) "There are twenty-one counts in the indictment which present complicated issues of law and accounting which are beyond the comprehension of the average juror.

(2) Because of the complicated nature of the multiple issues to be presented, it would be unusually difficult to reduce the issues to meaningful instructions for jury guidance.

(3) Since there are multiple defendants, rulings will have to be made on the admissibility of evidence as it relates to each individual defendant and a jury will have great difficulty in its deliberations in separating such comingled evidence.

(4) The trial of the matter to a jury would approximately double the length and the cost of the trial and will work unreasonable hardship on the defendants.

(5) There have been inflammatory and prejudicial articles appearing in local newspapers concerning alleged fraud in the Federal Medicare Program, making it impossible to obtain a fair and impartial jury."

In evaluating these reasons, which have not been disputed by the government,[1] it can be seen there is something more to be considered than the mere question of whether or not this complicated case should be kept from a jury. Here there are multiple defendants and as the defendants argue, the trial will unquestionably involve intricate rulings on the admissibility or inadmissibility of evidence as it relates to each particular defendant. This is not a conspiracy case and each defendant is entitled to the full benefit of rulings on evidence relating to hearsay, admissions, etc. Many rul-

---

1. In conferences with the Court it was further represented by both sides that the trial would take 3–4 months and would involve over a thousand exhibits with intricate accounting procedures to be employed. The parties have seen fit to rest disposition of this motion on the many representations made to the court in argument and conferences. The complexity of the case, trial time involved, the abundance of evidence to be introduced and the evidentiary problems that might arise have not been disputed. All seem to agree these problems exist and the trial will be a lengthy, complicated procedure.

ings on the evidence presented in the course of a lengthy trial might be the subject matter of appeal in a jury trial which would not be so in a jury-waived trial.

In *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 1627, 20 L.Ed.2d 476 (1968), the Court stated:

> Not every admission of inadmissible hearsay or other evidence can be considered to be reversible error unavoidable through limited instructions; instances occur in almost every trial where inadmissible evidence creeps in, usually inadvertently. "A defendant is entitled to a fair trial but not a perfect one." *Lutwak v. United States,* 344 U.S. 604, 619, 73 S.Ct. 481, 490, 97 L.Ed. 593; see *Hopt v. People of Utah,* 120 U.S. 430, 438, 7 S.Ct. 614, 617, 30 L.Ed. 708; cf. Fed.Rule Crim. Proc. 52(a). It is not unreasonable to conclude that in many such cases the jury can and will follow the trial judge's instructions to disregard such information. Nevertheless, as was recognized in *Jackson v. Denno,* supra [378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908], *there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored.* (emphasis added)

The Court feels that this is the kind of case where "the practical and human limitations of [a] jury . . . cannot be ignored," because of the context within which the evidence must be presented. This case indeed presents that "other factor . . . render[ing] unlikely an impartial trial by jury". *Singer, supra,* at 38, 85 S.Ct. at 791. It is unrealistic to expect a jury to hear all the evidence over a three month period, weigh approximately 1,000 exhibits and then categorize everything as it pertains to each particular defendant to the exclusion of others against whom it is inadmissible without prejudice to all. The government has not attempted to rebut the inference that substantial prejudice is practically impossible to avoid under these circumstances. Nor has it moved for severance. Indeed, it has represented to this Court that the case is a patchwork of many pieces to be tied together to make up the whole. However, the separate rights of each defendant must be safeguarded. This Court is charged with protecting each defendants' right to a fair trial, free from prejudice. Fulfilling its duty in this regard must be the Court's overriding concern. For this reason alone, the Court finds the government's refusal to grant consent unreasonable and arbitrary, see 8A J. Moore, Federal Practice, paragraph 23.03[2] (1976), and feels compelled to grant the defendants' motion.

A waiver as required by Rule 23, absent the government's consent, will be filed together with an order reflecting this ruling.

So ordered.