226 N.J. Super. 81 (1988)
543 A.2d 958
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN FIORILLA, MARY FIORILLA, BEL AIR MANOR NURSING HOME, INC., A NEW JERSEY CORPORATION AND OAKLAND NURSING HOME, INC., A NEW JERSEY CORPORATION T/A BEL AIR MANOR HEALTH CARE FACILITY T/A BEL AIR NURSING AND CONVALESCENT CENTER OF OAKLAND, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted June 10 and June 14, 1988.
Supplementing Order entered June 14, 1988.
Decided June 21, 1988.
*83 Before Judges DEIGHAN, R.S. COHEN and LANDAU.
Adolph J. Galluccio appeared on the motion for appellant John Fiorilla (Browne & Galluccio, attorneys; Adolph J. Galluccio, on the brief).
Raymond A. Reddin appeared on the motion for appellant, Mary Fiorilla.
Joseph A. Afflitto appeared on the motion for appellants Bel Air Manor Nursing Home, Inc. and Oakland Nursing Home, Inc. (Diamond, Afflitto & Raimondi, attorneys; Joseph A. Afflitto, on the brief).
John Matthews, Deputy Attorney General, appeared on the motion for respondent State of New Jersey (W. Cary Edwards, Attorney General, attorney; Stewart D. Warren, of counsel and on the brief).
The opinion of the court was delivered by LANDAU, J.A.D.
This opinion supplements our orders of June 10 and June 14, 1988 which granted defendants' motion for leave to appeal and summarily reversed the trial judge's denial of their R. 1:8-1(a) request to waive jury trial.
The defendants involved in the present trial include two corporate nursing home operators and two of their principals. Other defendants have been severed or entered a retraxit plea. The indictment charges defendants with filing false annual provider agreements with the New Jersey Division of Medical Assistance and Health Services (Medicaid); theft by deception from Medicaid; falsification of nursing home records; and conspiracy to promote those crimes. The conspiracy charges specific failures of duty, concealments, falsifications of records, and other acts of omission or commission which would have impacted upon elderly residents as well as upon the allegedly victimized public bodies.
R. 1:8-1(a) provides:

*84 Criminal actions required to be tried by a jury shall be so tried unless the defendant, in writing and with the approval of the court, after notice to the prosecuting attorney and his opportunity to be heard, waives a jury trial. In sentencing proceedings conducted pursuant to N.J.S.A. 2C:11-3(c)(1), the consent of prosecutor shall be required for such waiver.
An amendment in 1969 deleted the rule's previous requirement that consent of the State be secured for such waiver. Fed.R.Crim.P. 23(a) requires both consent of the prosecuting attorney and approval by the trial court.
In support of their request for waiver of jury trial, the defendants made clear that they were prepared to execute in writing an intelligent and informed waiver of their constitutional right to jury trial. There was no issue in this case involving a risk that defendants could not execute knowing, informed and intelligent waivers.
Neither is there anything in the record to suggest that there were any factors which would interfere with the ability of the trial judge to be entirely impartial in making determinations of both fact and law.
Defendants offered as one reason for their request concern about widespread prior and anticipated news coverage respecting the trial, particularly inasmuch as the indictments followed a widely publicized series of expose-type investigatorial articles in a leading North Jersey newspaper. Other reasons offered by defendants in support of waiver were the ability to significantly shorten the time (and thereby materially lessen costs to defendants) of a trial anticipated to last several months if tried to a jury; the presence of multiple defendants and conspiracy charges, thus complicating the presentation to a jury; the highly charged emotional issues including patient abuse which were expected to surface; the substantial number of exhibits and prospective witnesses anticipated; the sophistication and complexity of proofs of Medicaid fraud, involving analysis of cost studies and the like; difficulty of procuring a jury willing to serve in a lengthy trial during summer months; and the inhibiting effect upon defendants' testimony.
*85 There was no factual dispute respecting the wide publicity generated by the case or that a nonjury trial could be completed more expeditiously, or that a number of emotion-charged issues were involved. Neither did the State take serious exception to the complexity of the anticipated trial. On appeal the State has urged, however, that more complex cases, such as income tax fraud, antitrust, accounting malpractice and complex medical malpractice cases are frequently tried before juries. The State argues that this case cannot be said to be more difficult.
The trial judge rejected the State's argument that it would be difficult for him to decide questions of both law and fact. His conclusion appears to agree, however, with the State's basic contention urged on appeal, that because this is a "high visibility" case "which is being followed by certain people ... it should appear to all that a jury of defendants' peers arrived at that verdict." The trial judge believed that it was possible for defendants to receive a fair trial by jury and stated as the reason for denial that, "when you go in to try a case such as this, the public and society expects there will be a fair and impartial trial by a jury of peers ..." Thus, we are confronted with the question whether, under R. 1:8-1(a), a court may deny approval to defendant's waiver of jury trial based upon its conclusion that it is possible to pick an impartial jury in the circumstances, and the perception that the public, alerted and aroused by newspaper notoriety, expects a jury trial.
R. 1:8-1(a) as amended has received little interpretation until our recent opinion in State v. Edward Davidson, 225 N.J. Super. 1 (App.Div. 1988). There, the trial judge's denial of a bench trial was affirmed on the peculiar facts of that case. Each case, of course, presents its own special considerations. Unlike Davidson, defendants here presented a list of factually based reasons for waiver most of which were undisputed as to fact.
The extent to which a defendant may assert a right to trial by judge, waiving the constitutional right to jury trial (U.S. Const., Amend. VI; N.J. Const., Art. I, par. 10) has been subject to *86 widely diverse treatment by drafters of federal and state rules of practice, as well as by their interpreters. A starting point for review of the problem is 2 American Bar Association, Standards for Criminal Justice § 15-1.2 (2d Ed. 1980). These ABA standards substantially adopt the approach of Rule 23(a) of the Federal Rules of Criminal Procedure which requires consent of the prosecutor in order for defendant to waive jury trial. The principal reasons advanced to require such consent are equal treatment of the parties and protection of the public from a judge biased in favor of the defense in a particular case. By contrast, Rule 511(a) of the Uniform Rules of Criminal Procedure provides that, subject to understanding and voluntary waiver, a defendant may waive jury trial. Various arguments have been made for both approaches. See, 2 ABA, Standards for Criminal Justice, § 15-1.2 (2d Ed. 1980).
It is, of course, clear that New Jersey has already determined to delete the requirement for consent of the prosecutor. This does not mean that there is an unconditional right to waive jury trial. Moreover, there is no constitutional right to its waiver. Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965); State v. Belton, 60 N.J. 103, 110 (1972).
However, even where the prosecuting attorney is required to consent, as in Fed.R.Crim.P. 23(a), federal courts have expanded on the suggestion in Singer that there are circumstances in which, notwithstanding refusal of the prosecuting attorney's consent, justice might require a nonjury trial upon request. See, United States v. Braunstein, 474 F. Supp. 1 (D.N.J. 1979) and United States v. Panteleakis, 422 F. Supp. 247 (D.R.I. 1976). Each of these cases involved allegations strikingly similar to those in this case respecting nursing homes and fraud. Both held that the government unreasonably withheld consent to waiver and ordered bench trial. In Braunstein, the District Court judge went so far as to suggest that where the trial is materially lengthened because of its jury nature, a *87 demonstration of massive cost differential to the prejudice of defendants might even rise to constitutional dimension. United States v. Braunstein, supra, 474 F. Supp. at 13. We find it unnecessary to reach this issue, although we believe that the factor of additional time, both as to the cost effect on defendants, and as to its impact within the judicial system, are among factors appropriately to be considered by a trial judge in determining whether to grant approval. R. 1:1-2.
The thoughtful opinions in Panteleakis and Braunstein demonstrate recognition that, even in the presence of a rule requiring government consent to jury trial waiver, courts should give consideration to the impact of the circumstances of the particular case upon the defendants' chances to receive a fair trial.
Patton v. United States, 281 U.S. 276, 297, 50 S.Ct. 253, 257-58, 74 L.Ed. 854 (1930) called attention to a general rule at ancient common law that an accused was not permitted to waive trial by jury. This was not uniformly continued by the colonies as observed in Patton. The ancient doctrine that the accused could waive nothing was founded upon the desire of the courts to see that no innocent man should be convicted. It arose at a time when the accused did not have the benefit of the opportunities for defense presently afforded and before our restriction upon cruel and inhuman punishment. Mr. Justice Sutherland said in Patton, "[I]t is reasonable to conclude that the framers of the Constitution simply were intent upon preserving the right of trial by jury primarily for the protection of the accused."
The Patton court adopted the holding in Callan v. Wilson, 127 U.S. 540, 549, 8 S.Ct. 1301, 1303, 32 L.Ed. 223 (1888) that there is no conflict between Art. III, § 2 of the U.S. Const. ("The Trial of all Crimes ... shall be by Jury") and the Sixth Amendment which refers to trial by jury using these words, "the right to a speedy and public trial, by an impartial jury ..." The Court concluded that the constitutional provisions, read together, were "meant to confer a right upon the accused which he may forego at his election. To deny his power to do so is to *88 convert a privilege into an imperative requirement." Patton, supra, 281 U.S. at 298, 50 S.Ct. at 258.
As the Supreme Court later noted in Singer and we noted in Davidson, Patton stoutly supported the value of jury trial and suggested that the trial court's duty with respect to granting its approval to the waiver of jury trial should be exercised with a recognition that jury trial is the "preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses." Id. at 312, 50 S.Ct. at 263. Patton defined this duty of the court to include "a caution increasing in degree as the offenses dealt with increase in gravity." Id. at 313, 50 S.Ct. at 263.
We read this phrase to emphasize the increase in the degree of care which the judge must give to considering whether to permit waiver, not to suggest that an increased burden must be borne by defendant to support his waiver when the offenses charged are grave. This approach is consistent with the ruling of our Supreme Court in State v. Biegenwald, 106 N.J. 13 (1987). There, in a capital case of indisputable gravity, the Court considered N.J.S.A. 2C:11-3c, that portion of the capital murder statute which deals with the post-guilt sentencing phase and the impaneling of a jury for the purpose of determining whether a guilty defendant should be sentenced to death. The Court also considered R. 1:8-1(a) which, as to capital murder cases, reimposes the requirement of consent of the prosecutor for waiver of a jury. In footnote six, 106 N.J. at page 46, it said:
The statement by the court that it would not allow the jury to be waived even if the State were to give its consent appears to compel sentencing by jury in all cases regardless of the individual circumstances. Without commenting on the wisdom of this insistence on jury sentencing, we point out that the statute, Sec. C(1), unmistakably calls for an exercise of discretion by the trial court based on its consideration of the circumstances of the case.
Thus, while recognizing that there is no unconditional or constitutional right to have one's case decided by a judge alone (Singer v. United States, and State v. Belton, supra) our Supreme Court decided, consistently with Panteleakis and *89 Braunstein, that the trial court in a capital case should, in the exercise of its discretion, consider the circumstances of that case.
It appears clear to us that in construing that part of R. 1:8-1(a) in which the requirement of prosecutorial consent has been deleted, the intention of its framers must have been no less than that recognized by our Supreme Court in Biegenwald. The framers of the rule surely expected that approval by a trial judge of a request for waiver of jury trial would not be withheld without good reason, and would involve a careful consideration of the circumstances of the case.
This interpretation more closely tracks the opinions of New Jersey courts under the 1844 Constitution. Under the heading "Rights and Privileges," N.J. Const. (1844), Art. I, par. 8 provided in pertinent part as follows: "In all criminal prosecutions the accused shall have a right to a speedy and public trial by an impartial jury ..." The identical language appears in Art. I, par. 10 of our present Constitution. In construing this language, Justice Depue wrote in Edwards v. State, 45 N.J.L. 419 (Sup.Ct. 1883) that the provisions for jury trial, placed under the class of "Rights and Privileges" in the Constitution, were made for the benefit of the accused, subject to the fundamental rule of law that a person may renounce a provision made for his benefit under the maxim quilibet potest renunciare juri pro se introducto, "which applies as well to constitutional law as to any other." Id. at 427. The principle was reaffirmed in State v. Stevens, 84 N.J.L. 561, 563 (Sup.Ct. 1913).
Both Edwards and Stevens have been cited with approval under the new practice. See, State v. Ciniglio, 57 N.J. Super. 399, 404 (App.Div. 1959), cert. den. 31 N.J. 295 (1960). Compare with State v. Monroe, 30 N.J. 160, 168 (1959) where the Supreme Court said, "A moment's reflection will recall that the right to indictment and jury trial may be waived." (Citing to Patton, supra.)
Of course, R. 1:8-1(a) was adopted in an era when an accused was expected to receive a panoply of constitutional protections *90 not conceived of by earlier courts. Nonetheless, deletion of the requirement for consent by the prosecutor must be read to suggest some recognition of the "privilege" theory of jury trial enunciated by the early New Jersey decisions and in Patton, supra. It is equally clear that there must have been a reason to retain the requirement of judge approval and to require prior notice to the prosecutor. We think that this reflects not only recognition of the need for conscientious scrutiny that the defendant is exercising a knowing and voluntary waiver, but the notion that the right to waive a jury trial is not absolute and may be refused when sufficient reasons exist.
Decisions from two neighboring states are instructive. Rule 1101 of the Pennsylvania Rules of Criminal Procedure provides,
In all cases, the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record ...
As in New Jersey, Pennsylvania sets forth no guidelines to assist trial courts in exercising their discretionary power when deciding the defendant's waiver request. Pennsylvania has determined, however, that the provision requires a court to weigh the reasons pro and con in exercising its discretion. Commonwealth v. Giaccio, 311 Pa.Super. 259, 457 A.2d 875 (1983). Although it has been recognized that the trial court is not constitutionally prohibited from denying a defendant's request to waive a jury trial, (Commonwealth v. Correa, 485 Pa. 376, 402 A.2d 1011 (1979)) the Pennsylvania Supreme Court has upheld the right of an accused to waive trial by jury recognizing that:
What were contrived as protections for the accused should not be turned into fetters. To deny an accused a choice of procedure ... is to impair the worth of great Constitutional safeguards by treating them as empty verbalisms.
Underlying such dogmatism is distrust of the ability of courts to accommodate judgment to the varying circumstances of individual cases. But this is to express want of faith in the very tribunals which are charged with enforcement of the Constitution ... Adams v. United States ex rel McCann, 317 U.S. 269, 279 [63 S.Ct. 236, 242, 87 L.Ed. 268] (1942). *91 Quoted with approval in Commonwealth v. Wharton, 495 Pa. 581, 435 A.2d 158, 167 (1981).
It was observed in Wharton that "Indeed, there may be cases, such as those involving widespread publicity adverse to the accused, in which trial before a judge will be perceived as potentially more fair than a jury trial." Wharton, supra, 435 A.2d at 167. The Wharton court declared unconstitutional a legislative effort to grant the Commonwealth an absolute right to jury trial upon demand.
The New York State Constitution addresses this question directly:
Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever ... A jury trial may be waived by the defendant in all criminal cases, except those in which the crime charged may be punishable by death, by a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense. N.Y. Const., Art. 1, § II.
Construing this provision, the Court of Appeals of New York has held that in non-capital criminal cases a defendant is entitled as a matter of right to waive jury trial when it appears to the satisfaction of the court that the waiver is tendered in good faith and not as a stratagem to procure an otherwise impermissible procedural advantage, and provided that it also appears that the defendant is fully aware of the consequences of his waiver. People v. Duchin, 12 N.Y.2d 351, 239 N.Y.S.2d 670, 190 N.E.2d 17 (1963).
A review of other authorities considered in the Annotation, "Trial-accused's waiver of jury," 37 A.L.R.4th 304 (1985) demonstrates that there is a wide divergence of views throughout the country, contributed to in large part by the divergence of the underlying rules.
In the circumstances, absent judicial amplification of R. 1:8-1(a), it is perhaps understandable that the trial judge did not weigh and consider the arguments made by defendant in support of waiver, nor address whether the record supported the need for a jury trial.
*92 We believe that it will be useful to set forth standards to govern future exercise of a trial court's discretion in determining whether to approve a defendant's waiver of jury trial. Distilling our appraisal of the authorities considered, we read R. 1:8-1(a) to permit the trial judge to exercise discretion in approving the request of a defendant for waiver of jury trial. However, the reasons for rejection must be set forth, supported by the facts underlying those reasons. Approval of a jury waiver request should not be withheld unless the trial judge has determined that: (1) a defendant has not voluntarily, knowingly and competently waived his constitutional right to jury trial with advice of counsel; or that, (2) the waiver is not tendered in good faith, but as a stratagem to procure an otherwise impermissible procedural advantage; or that, (3) consequential, overriding, demonstrable and articulated reasons exist to require a jury trial, which outweigh the reasons and record provided by the defendant in support of waiver.
It has been observed that it is precisely in cases that have received much publicity and aroused the community where the need for trial before an impartial judge may be especially great. See, Commentary to ABA, Standards for Criminal Justice, § 15-1.2 citing to New York Judicial Council, 5th Annual Report 165 (1939). One of the reasons that New Jersey wisely adopted a system of judicial appointment rather than an elected judiciary, was to free judges from fear of electoral retaliation as a consequence of dealing justly with unpopular cases. Correspondingly, the system was intended to ensure for litigants availability of a competent, unbiased judiciary. This should not be lost to us as we interpret R. 1:8-1(a).
In this case, there was no dispute respecting widespread publicity and emotional nature of the case. It was agreed that a bench trial would conserve resources of the defense, State and judicial system. There was no real dispute about the complexity and volume of the subject matter although the State correctly argues that this does not preclude jury trial. There *93 has been no suggestion that defendants have any improper motive nor that they are seeking to achieve any improper procedural tactical advantage by exercising R. 1:8-1(a).
It misses the mark to say that it suffices to reject a defendant's request if the judge is satisfied that a jury trial will be fair. The defendants may believe that a bench trial would be fairer. At this pre-trial stage, it is not a reasonable construction of Rule 1:8-1(a) to require that the defendant carry the burden of demonstrating that he cannot receive a fair trial with a jury.
We do not rule out the possibility that, as in Davidson, supra, it may be perceived after trial that, in all the circumstances, a defendant did receive a fair trial within the broad boundaries outlined by cases like State v. Macon, 57 N.J. 325 (1971), notwithstanding disallowance of the waiver request. See, R. 2:10-2; Pressler, Current N.J. Court Rules, Comment R. 1:7-5. See also, Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963). As with other trial errors, a review of a post-trial record may demonstrate that no denial of fundamental justice has occurred. We deal here with an opportunity to interpret R. 1:8-1(a) before the expense of jury trial.

CONCLUSION
There is no constitutional nor absolute right in criminal cases for a defendant to waive jury trial. However, on the record presented in this case, we hold that the trial judge erroneously failed to consider the substantial good-faith reasons advanced in support of waiver in exercising his discretion to preclude bench trial solely because of his perception of public expectation.
We further reject the State's argument that because this case is one of "high visibility" and "is being followed by certain people," defendants' qualified right to waive jury trial should be restricted. It would be ironic indeed if widespread public *94 clamor for jury trial were routinely to serve as the principal basis for denial of its waiver by defendants who sense the same clamor, and wish to rely on the objectivity of an appointed jurist.
R. 1:1-2 provides that "The rules ... shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." We believe that these salutary goals will best be served by reversing the denial of approval, and by permitting defendants to waive jury trial herein.
Reversed.
COHEN, R.S., J.A.D., concurring.
I join with my colleagues in all respects except one. If State v. Davidson, 225 N.J. Super. 1 (App.Div. 1988) is taken to mean that defendant's R. 1:8-1(a) right to waive a jury may be denied with impunity unless defendant can later show denial of a fair trial, I disagree with it. Defendant is entitled to relief from an unfair trial whether or not jury waiver was denied. The requirement that unfairness be shown would effectively eliminate R. 1:8-1(a) absent a successful motion for leave to appeal. In any event, I do not believe we need to address the issue in this case.