Argued June 21, affirmed July 27, petition for rehearing denied August 23, petition for review denied October 5, 1972

STATE OF OREGON, *Respondent, v.*
WILLIAM ELLIS CARR, *aka* WILLIAM ELLIS
FRANK (No. C-71-04-1137 Cr.), *Appellant.*

499 P2d 832

*Gerald C. Doblie,* Portland, argued the cause for appellant. With him on the brief were Bailey and Doblie, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Defendant appeals from conviction for failure to appear for trial on a felony indictment after being released on his own recognizance pursuant to ORS 140.710 to 140.750. Such failure is made a crime by ORS 162.450.[1]

The only assignment of error worthy of note is elementary in nature, but apparently of first impression. Defendant demanded to be tried by the court. The court, noting that its personal explanation of defendant's right to a jury trial "never did get through to the defendant," denied the demand and required that the trial be by jury. Such denial is the basis of the claimed error.

Oregon Constitution, Art I, § 11, provides that the defendant shall have a right to a public jury trial, but that an "accused person, in other than capital cases, *and with the consent of the trial judge, may elect to waive * * *"* jury trial. (Emphasis supplied.)

This language clearly supports the trial judge's

[1] ORS 162.450(1). "Any person who is charged with the commission of a felony who is released on his own recognizance pursuant to ORS 140.710 to 140.750 or who, having furnished bail or undertaking, wilfully fails to appear as agreed or as ordered by the court shall be punished upon conviction by imprisonment in the state penitentiary for not more than two years or by imprisonment in the county jail for not more than one year or by a fine not exceeding $100."

decision, but defendant argues to the contrary, asserting the "interests" of the accused require that he have alternative choices as to the fact finder. We must read the constitution as it is, not as defendant feels his interests indicate it should be.

There is nothing in the United States Constitution which is inconsistent with the Oregon constitutional provision from which we have quoted. In *Singer v. United States,* 380 US 24, 85 S Ct 783, 13 L Ed 2d 630 (1965), the court said:

> "* * * A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the * * * trial judge * * *." 380 US at 36.

Affirmed.