106 F.3d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brian BRINSON, Petitioner-Appellant,
v.
George BALDWIN, Respondent-Appellee.
 No. 95-36072.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1997.*
Decided Jan. 14, 1997.
 
 1
 Before: ALDISERT, PREGERSON, and THOMAS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 The parties are familiar with the facts of this case, and we will not restate them. There are three issues presented in this appeal: (1) whether Brinson's trial attorney rendered ineffective assistance of counsel by failing to submit a formal motion to waive jury trial; (2) whether Brinson's trial attorney rendered ineffective assistance of trial counsel by failing to call the father of the deceased girl as a trial witness; and (3) whether the trial court's jury instructions impermissibly failed to distinguish the levels of culpability among the codefendants.
 
 
 4
 We review de novo a district court's order denying a petition for a writ of habeas corpus. Thompson v. Calderon, 86 F.3d 1509, 1515 (9th Cir.1996). We review the district court's findings of fact for clear error. Id. A claim of ineffective assistance of counsel is a mixed question of law and fact which we review de novo. Id. After a thorough examination of the record and the briefs, we affirm.
 
 Ineffective Assistance of Counsel
 
 5
 There are two components to an ineffective assistance claim: (1) the defendant must show that counsel's assistance was deficient, and (2) the defendant must show that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Our scrutiny of counsel's performance must be "highly deferential," and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." Id. at 689.
 
 
 6
 A. Failure to Submit a Formal Motion to Waive Jury Trial
 
 
 7
 Under Oregon law, a criminal defendant's right to a jury trial is subject to the sole discretion of the trial judge. Or. Const. art. 1, § 11. The United States Supreme Court has upheld such a regime, noting: "We find no constitutional impediment to conditioning a waiver of [the right to trial by jury] on the consent of the prosecuting attorney and the trial judge...." Singer v. United States, 380 U.S. 24, 36 (1965). As the Court succinctly stated, "there is no federally recognized right to a criminal trial before a judge sitting along." Id. at 34; see also State v. Carr, 10 Or.App. 375, 376 (1972) (citing Singer in holding that the Oregon Constitution does not guarantee the right to be tried by the court).
 
 
 8
 Moreover, at Brinson's state post-conviction hearing, the court made a finding that Brinson's trial attorney discussed the jury waiver issue with the trial court judge. However, the trial judge indicated he would not allow jury waiver because of defendants' vacillation on the issue. This factual finding is supported by the record and is presumed correct in federal habeas proceedings. See 28 U.S.C. § 2254(d).[1] The actions of Brinson's trial attorney with respect to the jury waiver issue were not deficient, and they did not prejudice the defense.
 
 
 9
 B. Failure to Call Father of Victim as a Witness
 
 
 10
 Brinson claims his trial counsel's failure to call Eldridge Broussard--the deceased girl's father--as a witness prejudiced his case and amounted to ineffective assistance of counsel. The district court correctly ruled against Petitioner on this claim. First, Brinson agreed not to call Broussard, and second, even absent Brinson's consent, trial counsel's failure to call Broussard does not amount to ineffective assistance.
 
 
 11
 At Brinson's state post-conviction hearing, the Circuit Court of Oregon made the following factual finding: "Trial counsel determined not to call Mr. Broussard as a witness. Nothing in the record supports the proposition that Mr. Broussard's testimony would have changed the result. Moreover, petitioner and his codefendants, and Mr. Broussard agreed that Broussard would not be called as a witness " (emphasis added). Because the record supports this factual finding, we presume it to be correct. 28 U.S.C. § 2254(d).
 
 
 12
 Further, the trial counsel's decision not to call Broussard does not constitute ineffective assistance of counsel. Brinson suggested that Broussard could have offered testimony on: (1) the values of the Watts Christian Center, of which the victim, Brinson, and the codefendants were all members; and (2) the victim's alleged "subdued form of epilepsy." First, Broussard's testimony on the Watts Christian Center would have been cumulative and unnecessary, given testimony by other members, including Brinson. Second, Broussard could only have offered lay medical testimony on the victim's medical condition which contradicted the findings of two medical experts. Consequently, trial counsel's failure to call Broussard did not prejudice Brinson's defense.
 
 Jury Instructions
 
 13
 Brinson and his codefendants were each indicted for and found guilty of manslaughter in the first degree. At Brinsons's trial the court gave the jury the following instructions:
 
 
 14
 A defendant is innocent unless and until a defendant is proven guilty beyond a reasonable doubt.
 
 
 15
 The burden of proof is upon the state to prove the guilt of the defendant beyond a reasonable doubt....
 
 
 16
 Although the defendants are being tried together, you must consider the case against each separately. In doing so, you must decide what evidence--what the evidence shows as to each individual defendant without considering any evidence that may have been received solely against some other defendant or defendants.
 
 
 17
 Each individual defendant is entitled to have the case decided on the evidence and on the law applicable to that defendant.
 
 
 18
 The jury instructions adequately admonished the jury to consider only the evidence and the law applicable to each defendant. Brinson's argument that the court erred by not distinguishing the degrees of culpability among the codefendants is unavailing. See United States v. Kaplan, 554 F.2d 958, 969 (9th Cir.), cert. denied sub. nom. Vogt v. United States, 434 U.S. 956 (1977) (where court instructed jury that "each defendant is entitled to have his case determined from evidence as to his own acts and statements and conduct, ... leaving out of consideration entirely any evidence admitted solely against some other defendant or defendants," the defendant "was not prejudiced by the absence of a separate specific-intent instruction applicable to him alone.")
 
 
 19
 Brinson's attempt on federal review to couch his arguments in terms of a due process claim fails procedurally. As the district court correctly noted, Petitioner waived these due process claims by failing to raise them in state proceedings or in his federal petition. See Or.Rev.Stat. §§ 138.550, 138.580; Duncan v. Henry, 115 S.Ct. 887, 888 (1995) (holding that habeas petitioner must raise due process claims and federal claims in state court); Anderson v. Harless, 459 U.S. 4, 6 (1982) (noting that "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made").
 
 
 20
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 All citations to 28 U.S.C. § 2254, unless otherwise noted, refer to the statute as it read on April 5, 1994, the date Brinson filed his petition in district court. The amendments to this section contained the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 which became law on April 24, 1996 do not substantively alter this presumption