OPINION OF THE COURT
David D. Egan, J.
*601 Defendant seeks an order declaring both CPL 320.10 and that portion of article I, § 2 of the New York Constitution which denies a capital defendant the right to waive a jury in the guilt phase of his trial invalid, or, in the alternate, inapplicable to the guilt phase of defendant’s trial.
Article I, § 2 of the New York Constitution and CPL 320.10 prohibit a capital defendant from waiving a jury trial at either phase of his trial. Article I, § 2 of the New York Constitution provides in relevant part: “[a] jury trial may be waived by the defendant in all criminal cases, except those in which the crime charged may be punishable by death.” CPL 320.10 (1) permits all criminal defendants to waive a jury trial “[e]xcept where the indictment charges the crime of murder in the first degree.”
Under the guise of “heightened due process,” defendant argues that he has a constitutional right to waive a jury trial. Defendant also claims that the prohibition against a nonjury trial violates his rights of equal protection and due process by depriving him of a tactical option available to noncapital defendants. Defendant emphasizes that “a judge * * * may be better suited to analyze the evidence without [being] sway[ed] by pretrial publicity.” This case, like any murder trial, has received some media attention.
The People oppose all aspects of defendant’s motion. The People also urge that defendant lacks standing to challenge the constitutionality of CPL 320.10 and the relevant portion of article I, § 2 of the New York Constitution, and the issue is not ripe for this court’s determination, since defendant has yet to request a bench trial, or been convicted of first degree murder and sentenced to death.
Defendant’s indictment for first degree murder “brought [him] squarely within the statutory scheme which he argues is facially defective.” (People v McIntosh, 173 Misc 2d 727, 728 [Dutchess County Ct 1997]; see also, People v Van Dyne, Monroe County Ct, Sept. 2, 1998, Marks, J., slip opn, at 2.) But this court finds that since this defendant has yet to make a request for a bench trial the issue is not ripe. (Cf., People v Santiago, Monroe County Ct, Dec. 21, 1999, Bristol, J., slip opn, at 3.) Even if defendant were to make a perfunctory request for a bench trial, the same would be denied.
This court finds that defendant has not proved beyond a reasonable doubt that CPL 320.10 and that portion of article I, § 2 of the New York Constitution are unconstitutional, or should be invalidated. (Accord, People v Johnson, Albany County Ct, July 27, 1998, Breslin, J., slip opn, at 18; People v McIntosh, *602 173 Misc 2d 727, 734-735 [Dutchess County Ct 1997], supra; People v Mateo, 175 Misc 2d 192 [Monroe County Ct 1997].) Our Federal and State Constitutions guarantee a defendant a right to a jury trial. (US Const, art III, § 2, cl [3]; NY Const, art I, § 2 [the right to a jury trial “shall remain inviolate forever”].) No similar guarantee is bestowed upon the right to a bench trial. (United States v Jackson, 390 US 570 [1968]; Singer v United States, 380 US 24, 34 [1965].)
Nor are capital defendants a suspect class under an equal protection analysis. (Gray v Lucas, 677 F2d 1086, 1106 [5th Cir 1982]; People v Parker, Erie County Ct, July 2, 1998, D’Amico, J., slip opn, at 38.) Since there is neither a suspect class nor a fundamental right at issue, the Equal Protection Clause merely prescribes that the prohibition bear a rational relationship to a legitimate government purpose. (People v Walker, 81 NY2d 661, 668 [1993].) The prohibitions against nonjury trials allow a jury to act as a safeguard between an individual and the tyranny of the State, and reflect the legitimate “reluctance to entrust plenary powers over the life and liberty of the citizen to one judge” (Duncan v Louisiana, 391 US 145, 156 [1968]), rather than to 12 jurors who represent the “conscious and moral judgment of the community.” (People v Hale, 173 Misc 2d 140, 188 [Sup Ct, Kings County]; Hynes v Tomei, 237 AD2d 52 [2d Dept 1997].)
Defendant further claims CPL 320.10 is anachronistic since the recently enacted death penalty statutes provide for a bifurcated trial. A defendant’s waiver of a jury at the guilt phase now no longer precludes a jury from sentencing him. Defendant’s claim of heightened due process does not warrant rewriting the death penalty statutes. Although providing for bifurcation, CPL 400.27 (2) envisions the use of a distinct jury for sentencing only in “extraordinary circumstances” and for “good cause [shown].” (See, People v Johnson, supra, slip opn, at 21.)
Defendant’s motion is denied.