OPINION OF THE COURT
David D. Egan, J.
This is a death penalty case. Defendant John Owens is charged with two counts of murder in the first degree, three counts of murder in the second degree, and three counts of rape in the first degree. This court by its decision dated August 17, 2000 severed for trial one count alleging defendant raped victim “S.C.” (People v Owens, Sup Ct, Monroe County, Aug. 17, 2000, Egan, J., motion No. DEF-32.) The District Attorney *381 filed a notice of intent to seek the death penalty pursuant to CPL 250.40 on January 24, 2000.
In this case defendant has not sought to enter a guilty plea, either before or after the District Attorney filed the notice of intent to seek the death penalty. Nonetheless, defendant challenges the constitutionality of the guilty plea provisions of CPL article 220, and CPL 250.40 and 400.27 as interpreted by the Court of Appeals in both Matter of Francois v Dolan (95 NY2d 33 [2000]) and Matter of Hynes v Tomei (92 NY2d 613 [1998]). (See NY Const, art I, §§ 1, 2, 5, 11; US Const, art I, § 10; 5th, 6th, 8th, 14th Amends.) Defendant asks this court to strike the notice of intent to seek the death penalty, allow him to enter a guilty plea, if he so elects, or offer argument at sentencing that the law prohibited him from entering a guilty plea in this case.
In Matter of Hynes v Tomei (92 NY2d 613 [1998], supra) the Court of Appeals found the 1995 death penalty statute had a so-called Jackson infirmity, stating:
“Capital defendants under the New York statute who are awaiting trial and are offered a plea are still faced with the choice Jackson declared unconstitutional: exercise Fifth and Sixth Amendment rights and risk death, or abandon those rights and avoid the possibility of death.” (Id., at 626, citing United States v Jackson, 390 US 570, 582 [1968].)
Instead of invalidating the entire death penalty statute, the Court excised the offending guilty plea provisions set forth in CPL 220.10 (5) (e) and 220.30 (3) (b) (vii), holding that the revised statute prohibits a guilty plea* to first degree murder while a notice of intent to seek the death penalty is pending. (Matter of Hynes v Tomei, supra, at 629.)
In Matter of Francois v Dolan (95 NY2d 33 [2000], supra) the Court of Appeals further held that the District Attorney’s statutory authority to file a notice of intent to seek the death penalty within 120 days of arraignment overrides a defendant’s *382 unconditional right to plead guilty to an indictment under the general plea provisions of the Criminal Procedure Law, more specifically, CPL 220.10 (2) and 220.60 (2). (Id., at 38-39.) It is against this backdrop that defendant argues, inter alia, that the current statute both deprives him of his fundamental right to plead guilty unconditionally, and denies him of the same rights those capital defendants enjoyed who were charged with first degree murder prior to the Court of Appeals rulings in Matter of Hynes v Tomei (supra) and Matter of Francois v Dolan (supra).
The People urge that defendant lacks standing to challenge the constitutionality of CPL article 220 and CPL 250.40 and 400.27, and the issue is not ripe for this court’s determination. Defendant’s indictment for first degree murder and the District Attorney’s filing of the notice of intent to seek the death penalty “brought [defendant] squarely within the statutory scheme which he argues is facially defective.” (People v McIntosh, 173 Misc 2d 727, 728 [Dutchess County Ct 1997].) But this court finds that since this defendant has yet to make a request to enter a guilty plea the issue is not ripe for adjudication. (Cf., People v Owens, 184 Misc 2d 600, 601 [Sup Ct, Monroe County 2000, Egan, J.) Even if defendant now sought to enter a guilty plea this court finds that defendant has not proved beyond a reasonable doubt that the current death penalty scheme is unconstitutional.
While a defendant does not have an unconditional right to plead guilty when charged with first degree murder and a notice of intent to seek the death penalty is pending, the ability to enter a guilty plea is not completely foreclosed to him. As the Court of Appeals in Matter of Hynes v Tomei (supra, at 629) aptly noted: *383 Indeed, here, defendant has never explored the possibility of entering a guilty plea to the full indictment, even though this court is aware that the District Attorney might have entertained the same before the notice of intent to seek the death penalty was filed. This court is bound by the decisions of the Court of Appeals in Matter of Hynes v Tomei (supra) and Matter of Francois v Dolan (supra) and acknowledges that the resulting New York “death penalty statute carries a strong presumption of constitutionality, as do all statutes.” (Matter of Hynes v Tomei, 92 NY2d, at 626.)
*382 “While reducing the flexibility of plea bargaining in capital cases, excision of the unconstitutional provisions does not prevent pleas of guilty to first degree murder when no notice of intent to seek the death penalty is pending, since defendants in that situation face the same maximum sentence regardless of how they are convicted. Nor does the resulting statute prevent a defendant from pleading guilty to another offense not punishable by death, even when a notice of intent to seek the death penalty is pending, since nothing in Jackson prohibits imposing different penalties for different crimes.”
*383 For the foregoing reasons, defendant’s motion challenging the constitutionality of the guilty plea provisions of New York’s death penalty statute is denied in its entirety.

 Recently the Appellate Division for the Third Department in People v Edwards (274 AD2d 754 [3d Dept 2000]) found that the mere offer of a plea bargain to first degree murder while a death notice is pending presents a capital defendant with the same unconstitutional Jackson choice. In Edwards the trial court permitted the prosecutor to withhold her consent to the plea and her withdrawal of the notice of intent to seek the death penalty until after defendant proffered his plea to the court and made a complete allocution. (Id., at 757.) The Third Department reversed and vacated the defendant’s guilty plea. (Id., at 760.) This court is aware that the Court of Appeals granted leave to appeal the Edwards decision in December 2000. The Court of Appeals will not hear arguments in that case until May 2001.